UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

R.B. and P.B.

          Plaintiffs,

v.

BELVIDERE BOE,

          Defendants.

Civil Action No. 11-1966 (PGS)

MEMORANDUM AND ORDER

SHERIDAN, U.S.D.J.

      This matter is before the Court on a motion for reconsideration of the Court's memorandum and order granting legal fees and costs on May 15, 2013 (ECF No 62)[1].

I.

      Plaintiff contends that the Court misapplied the offer of judgment rule (20 U.S.C. § 1415(D)(i)) and that there was "no live testimony at the fact finding hearings" by either Mr. Croot or ALJ Giordano about certain facts which the Court gave substantial weight. The Plaintiff's attorney failed to acknowledge in his application that Mr. Croot's certification was stipulated into evidence (J22).

      The Court decided this matter after a two day trial and substantial briefing. The Court has broad discretion over the amount of the award. The Court's goal was to tailor the amount awarded in a fair manner. The Court sees no reason to change its decision, nor to award

---

[1] In June and July 2013, the parties attempted to settle the matter, and the Court delayed entry of the Order. On July 26, 2013, the parties requested that I adjourn this motion until September, 2013 because they are still attempting to settle the case, plus another case with the same parties. By this Memorandum and Order, I deny that request.

additional fees based upon this motion as Plaintiff argues.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*).* Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

In this motion, there is no new evidence or matter of law that the Court did not consider at the time of trial. As such, this motion is simply relitigating old matters, especially since the Court considered the offer of judgment rule.

ORDER

IT IS on this 8th day of August, 2013;

ORDERED that the motion for reconsideration is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.